# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DARIUS TERREL WHITING,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. C09-0182-LRR<br><br>**ORDER** |

      The matter before the court is the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The clerk's office received and filed such application on December 11, 2009.

      This case is clearly related to the petitioner's federal criminal case, that is, *United States v. Whiting*, Case No. 1:06-cr-00145-LRR (N.D. Iowa 2007). In that case, judgment entered against the petitioner on August 9, 2007, and the court subsequently explained to the petitioner that he needed to rely on 28 U.S.C. § 2255 to challenge his federal conviction. Despite the court's directive, the petitioner refused to invoke the jurisdiction of the court by timely asserting claims under 28 U.S.C. § 2255. In the instant application for a writ of habeas corpus, the petitioner challenges the validity of the federal sentence that the court imposed. The challenge asserted is the type of challenge properly submitted as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (stating that a "challenge to a federal conviction [. . .] is most appropriately brought as a motion under 28 U.S.C. § 2255"). The petitioner may not rely on 28 U.S.C. § 2241 to challenge his federal conviction; the petitioner is not entitled to merely renumber his pleadings. Given the petitioner's refusal to rely on 28 U.S.C. § 2255, it is clear to the court that the petitioner

is trying to circumvent the statute of limitation that is applicable to an action filed under 28 U.S.C. § 2255. Accordingly, the petitioner's application for a writ of habeas corpus (docket no. 1) is dismissed. In the event that the petitioner seeks to appeal the instant order, the court deems it appropriate to deny a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22.

**IT IS SO ORDERED**

**DATED** this 29th day of December, 2009.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA